IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TIMOTHY HAYES                                                                                    PLAINTIFF

v.                          Civil No. 6:25-CV-06111-SOH-MEF

BRANDON KENNEMORE                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Timothy Hayes, a prisoner,[1] initiated the above-captioned civil rights action under 42 U.S.C. § 1983, generally alleging that Defendant Brandon Kennemore included false information about him in a warrant affidavit. (ECF No. 1). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties have not consented to the jurisdiction of the magistrate judge. Accordingly, this case will be automatically reassigned to United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute this case.

### I.     BACKGROUND

When Plaintiff initiated this action, he did not pay the statutory filing fee or submit a complete *in forma pauperis* ("IFP") application. Accordingly, this Court ordered that Plaintiff do

---

[1] Plaintiff was incarcerated at the Omega Technical Violation Center in Malvern, Arkansas when he initiated this action. *See* (ECF No. 1). His current whereabouts are unknown.

1

one or the other by November 13, 2025, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 2). That Order also directed Plaintiff to submit an amended complaint on the court-approved Section 1983 complaint form by that same deadline, and informed Plaintiff that failure to update the Court with any change in address within 30 days of any such change would result in the dismissal of this action for failure to prosecute. *Id.* When that deadline passed with no response from Plaintiff, this Court ordered Plaintiff on November 18, 2025, to show cause by December 9, 2025, why this matter should not be dismissed for failure to prosecute. (ECF No. 4).

On November 26, 2025, Plaintiff's mail was returned to sender as undeliverable and resent to 703 N. Thompson Street, Springdale, Arkansas, the address reflected on the returned envelope. (ECF Nos. 5 & 6). On December 9, 2025, Plaintiff's mail to the Springdale, Arkansas address was also returned as undeliverable with no new address available. (ECF No. 7). Since that time, more than 30 days have passed, and Plaintiff has failed to update the Court with his current contact information. In fact, Plaintiff has not communicated with this Court at all since initiating this action.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules

of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

### III.   ANALYSIS

Plaintiff has violated two court orders—the order directing him to submit a complete IFP application or pay the filing fee and to submit an amended complaint *and* the show cause order. Plaintiff has failed to provide any excuse for his noncompliance, and his current whereabouts are unknown. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that this matter be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

### IV.   CONCLUSION

For the reasons discussed above, it is RECOMMENDED that this matter be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 21st day of January 2026.

<u>/s/ Mark E. Ford</u>
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE